United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 07-30257
Summary Calendar

WILLIAM O. SCALLION,

Plaintiff-Appellant,

versus

JOHNNY RAY NORMAN, individually and
in his official capacity as Sheriff of
Red River Parish; ALVIE MYERS; TRACY SCOTT;
SIDNEY JACOBS; JOHN MAHFOUZ,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(5:06-CV-147)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

William Scallion challenges, *pro se*, the adverse summary judgment, based on qualified immunity, for his 42 U.S.C. § 1983 action against Probation Officer Alvie Myers, Officer John Mahfouz, and Sheriff's Deputies Tracy Scott and Sidney Jacobs. (He does not contest the summary judgment awarded Sheriff Ray Norman.) Scallion claimed conspiracy, false arrest, and unlawful search and seizure by these defendants, stemming from his arrest for, *inter alia*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessing methamphetamine with intent to distribute. (As discussed *infra*, the State requested, and the state criminal court ordered, Scallion's charges *nol prossed*.)

In contending the district court erred in holding these four defendants entitled to qualified immunity, Scallion claims they acted unreasonably and beyond their official capacity. The uncontested facts follow.

Around July 2004, Myers was informed narcotics were being distributed from a residence in Red River Parish, Louisiana. Myers contacted Deputy Scott, who, with Myers, listened to a confidential informant's telephone conversation, revealing methamphetamine would be delivered to that residence in a green Ford pick-up truck on 30 July 2004.

On that day, shortly after officers stopped a green Ford pick-up truck, Myers, Jacobs, Scott, and Mahfouz arrived on the scene. While Myers spoke to the truck's driver, with whom he was acquainted, Scott, with weapon drawn, went to the passenger side, where Scallion was sitting, and ordered him to exit the vehicle. Scott performed a pat-down search, handcuffed Scallion, and advised him the Sheriff's Department had been informed his truck was transporting illegal drugs. Scott then asked Scallion for consent to search his truck. Scallion agreed and signed a consent-to-search form after it was read to him.

The search of Scallion's truck produced $856.00 in cash, numerous plastic bags containing powder residue, prescription drugs, a handgun, and a container holding methamphetamine. In response to his criminal indictment, Scallion filed, and the state criminal court granted, a motion to suppress the evidence obtained during the search. At the State's request, that court subsequently ordered the charges against Scallion *nol prossed*. Scallion then filed this action.

A summary judgment is reviewed *de novo*. **Triple Tee Golf, Inc. v. Nike, Inc.**, 485 F.3d 253, 261 (5th Cir. 2007). Such judgment is appropriate when the summary-judgment evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). As discussed below, as well as essentially for the reasons stated in the district court's detailed opinion according qualified immunity to the four defendants, summary judgment was proper.

Scallion first contends Myers is not entitled to qualified immunity because he acted unreasonably by contacting Scott, after learning of drugs being sold at a specific Red River Parish residence; and listening, with Scott, to the telephone conversation revealing methamphetamine would be delivered to that residence in a green Ford pick-up truck. *See* **Haggerty v. Tex. S. Univ.**, 391 F.3d 653, 655 (5th Cir. 2004) (qualified immunity protects public officials from civil liability if, viewing the alleged facts in the

3

light most favorable to the plaintiff, the official's conduct did not violate a constitutional right so clearly established that the conduct was unreasonable).

Scallion fails to identify a clearly-established constitutional right violated by Myers. *See* *id.* (first step in qualified-immunity analysis is identifying a clearly-established constitutional right that has been violated); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). Moreover, Scallion has not produced any evidence showing Myers participated in the decision to arrest Scallion or search his vehicle. *See*, *e.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (civil conspiracy requires plaintiff to demonstrate an agreement among defendants to act illegally and an actual violation of a constitutional right).

Scallion next asserts Jacobs, Mahfouz, and Scott are not entitled to qualified immunity because they lacked probable cause to arrest him and searched his vehicle without a warrant. Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense". *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (internal quotation marks omitted). When officers have probable cause to believe a suspect's vehicle contains contraband or criminal evidence, they may search

4

it without a warrant, pursuant to the automobile exception to the warrant requirement. ***Mack v. City of Abilene***, 461 F.3d 547, 552-53 (5th Cir. 2006).

Scallion maintains the defendants lacked probable cause because they failed to verify the information provided by Myers' confidential informant before relying on it to arrest Scallion and search his vehicle. Without probable cause, he claims, both the arrest and search were sufficiently unreasonable to defeat qualified immunity.

The totality of facts and circumstances within the defendants' knowledge when they arrested Scallion were sufficient for a reasonable officer to conclude Scallion criminally possessed narcotics. These three defendants had previously used, and found reliable, information from Myers' confidential informant. Reasonable law-enforcement officers may rely without investigation on information from a trustworthy source. *See **Hart v. O'Brien***, 127 F.3d 424, 443-44 (5th Cir. 1997), *abrogated on other grounds, as recognized by **Spivey v. Robertson***, 197 F.3d 772, 775-76 (5th Cir. 1999). Having probable cause, the defendants' arrest of Scallion and search of his vehicle were not unreasonable.

***AFFIRMED***